JOURNAL ENTRY and OPINION
Michelle Clark, also known as Michelle Hlavsa, appeals from an order of the juvenile division of the common pleas court awarding permanent custody of her son, Kyle Hlavsa, to the Cuyahoga County Department of Children and Family Services (CCDCFS). She argues that:
 THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN REFUSING TO GRANT A MINIMAL AND REASONABLE CONTINUANCE OF APPELLANT'S PERMANENT CUSTODY HEARING WHERE THE APPELLANT'S MENTAL CONDITION HAD BEEN UNQUESTIONABLY AND SIGNIFICANTLY COMPROMISED BY THE MEDICATIONS INVOLVING TRANQUILIZERS AND PSYCHOTROPICS GIVEN BY THE AUTHORITIES SHE HAD BEEN IN THE CUSTODY OF ON THE SAME DAY AS AND ON THE PREVIOUS DAY OF THE HEARING.
We find the trial court did not abuse its discretion by refusing to continue the hearing. Accordingly, we affirm.
Kyle Hlavsa and his half-sister, Andrea Hlavsa, were placed in the emergency custody of the CCDCFS in November 1998 after police took custody of their mother and her husband and parents in connection with the death of a two-month-old infant. The children were subsequently placed in the temporary custody of CCDCFS. Legal custody of Andrea was awarded to her father.
On September 13, 1999, the CCDCFS moved the court to modify the temporary custody order regarding Kyle and award permanent custody to the CCDCFS. The court held a hearing on this motion on June 29, 2000. Appellant was present, having been transported to the hearing from the women's correctional facility at Marysville, Ohio, where she was incarcerated for various criminal offenses in connection with the death of the infant and the endangerment of Andrea and Kyle.
Appellant's attorneys requested a continuance of the hearing on the ground that appellant had been injected with a medication at the county jail where she was held before the hearing. Counsel argued that this medication rendered appellant unable to assist counsel in representing her interests. A sheriff's deputy reported that appellant had been given a tranquilizer so she would not have to be physically restrained. The court denied the motion for continuance, noting that appellant was alert and responsive. The court also denied her attorney's motion to withdraw as counsel. After the hearing, the court entered an order awarding permanent custody of Kyle to the CCDCFS.
The decision to grant a continuance is within the sound discretion of the trial court. In re Zhang (1999), 135 Ohio App.3d 350, 354. In Zhang, this court found that the trial court did not abuse its discretion when it allowed an attorney to withdraw on the day of a hearing and denied that party a continuance to obtain new counsel. The circumstances of this case are even less compelling than those in Zhang and, therefore, do not demonstrate that the trial court here abused its discretion.
The trial court found that the medication appellant was given did not prevent her from participating at the hearing in a meaningful way. As appellant actively participated and responded appropriately and coherently to inquiries, her behavior at the hearing supported this conclusion,. Appellant's ability to understand and participate in the proceedings was the sole basis for the request for a continuance. The court did not abuse its discretion by denying that request. Therefore, we overrule the single assignment of error and affirm the court's judgment.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _____________________ KENNETH A. ROCCO, J.:
DIANE KARPINSKI, A.J. and MICHAEL J. CORRIGAN, J. CONCUR